UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>10 S. Howard Street<br>3rd Floor<br>Baltimore, Maryland 21201<br><br>    Plaintiff,<br><br>    v.<br><br>CHESAPEAKE BAY GOLF CLUB, LIMITED PARTNERSHIP,<br><br>1500 Chesapeake Club Drive<br>North East, MD  21921<br><br>    and<br><br>CHESAPEAKE BAY GOLF CLUB (WEST), L.P.,<br><br>1500 Chesapeake Club Drive<br>North East, MD  21921<br><br>    Defendants. | Civil Action No.<br><br>COMPLAINT & JURY TRIAL DEMAND |

COMPLAINT AND JURY DEMAND

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Dawn Randall-Nowak ("Ms. Nowak"), who was adversely

affected by such practices. The Commission alleges that on April 14, 2005, Defendants Chesapeake Bay Golf Club, Limited Partnership, and Chesapeake Bay Golf Club (West), L.P., ("Defendants Employer"), unlawfully discharged Ms. Nowak, their Restaurant and Banquet Manager, because of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Chesapeake Bay Golf Club, Limited Partnership has continuously been a Maryland corporation doing business in the State of Maryland, and the cities of North East and Rising Sun, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Chesapeake Bay Golf Club (West), L.P. has continuously been a Delaware corporation doing business in the State of Maryland, and the cities of North East and Rising Sun, and has continuously had at least fifteen employees.

6. At all relevant times, Defendant Chesapeake Bay Golf Club, Limited Partnership has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

7. At all relevant times, Defendant Chesapeake Bay Golf Club (West), L.P. has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Dawn Randall-Nowak filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964 by Defendants Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least April 14, 2005, Defendants Employer have engaged in unlawful employment practices at their North East and Rising Sun, Maryland facilities, in violation of Section 703(a) of Title VII. These practices include terminating the employment of Ms. Nowak because of her pregnancy.

10. The effect of the practices complained of in Paragraph 9 has been to deprive Dawn Randall-Nowak of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

11. The unlawful employment practices complained of in Paragraph 9 were intentional.

12. The unlawful employment practices complained of in Paragraph 9 were, and are being, done with malice or with reckless indifference to the federally protected rights of Ms. Nowak.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants Employer, their officers, successors, assigns, and all persons in active concert or participation with them, from terminating individuals based on pregnancy and any other employment practice which discriminates on the basis of sex (pregnancy) in violation of Title VII of the Civil Rights Act of 1964.

B. Order Defendants Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for their pregnant employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants Employer to make whole Ms. Nowak by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, reinstatement to her position, or frontpay in lieu thereof, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendants Employer to make whole Ms. Nowak by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 9, including but not limited to damages in the form of expenses for job searches and expenses for borrowing money, in amounts to be determined at trial.

E. Order Defendants Employer to make whole Ms. Nowak by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraph 9, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

F.  Order Defendants Employer to pay Ms. Nowak punitive damages for its malicious and reckless conduct, as described in Paragraph 9, in amounts to be determined at trial.

G.  Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission hereby requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Jacqueline H. McNair by DML*
JACQUELINE H. McNAIR
Regional Attorney

*/s/*
DEBRA M. LAWRENCE
Supervisory Trial Attorney (Bar No. 04312)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 962-4349 (phone)
(410) 962-4270 (fax)